**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BLUE GROUP RESOURCES, INC.,**

    **Plaintiff,**

    v.

**CAIMAN ENERGY, LLC, et al.,**

    **Defendants.**

Case No. 2:11-cv-648
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' motion to dismiss (ECF No. 11), Plaintiff's memorandum in opposition (ECF No. 14), and Defendants' reply memorandum (ECF No. 15). For the reasons that follow, this Court finds the motion to dismiss not well taken.

**I. Background**

According to the July 21, 2011 amended complaint, Plaintiff, Blue Group Resources, Inc., has gas transmission lines in Belmont County, Ohio. Defendants, Caiman Energy, LLC, Caiman Eastern Midstream, LLC, and Caiman Ohio Midstream, LLC, are related entities that are installing a gas line that crosses one of Plaintiff's existing gas lines. During this installation, a "slip" has occurred in which the terrain relevant to Plaintiff's gas line moved, damaging Plaintiff's pipeline. After the parties were unable to agree on an appropriate repair strategy, Plaintiff filed suit in the Belmont County Court of Common Pleas.

Negotiations ensued and the parties reached an agreement over the most immediate concerns. This resulted in construction that allegedly caused various complications, all of which the amended complaint describes as follows:

> Blue Group's pipeline has been by-passed by a temporary jumper line to allow for the safe passage of gas to Blue Group's customers. In the interim Caiman has filled in the slip area and covered the Blue Group's pipeline without performing a metallurgical evaluation of the condition of the pipe, ostensibly believing on faith that the old pipe line has not been damaged by stretching, scraping, lack of subjacent support, vibration, coating removal, or exposure. Blue Group Resources, Inc. believes it is without question that the subject damaged pipe sections must be replaced. Further, the area of the slip destroyed Blue Group's access to other portions of its pipeline system and has complicated maintenance efforts.

(ECF No. 8 ¶ 6.) Plaintiff maintains that Defendants have failed to comply with "the full spirit and intent of the agreement" reached during the negotiations. Accordingly, following removal from the state court (ECF No. 1), Plaintiff seeks injunctive relief that would compel Defendants to repair Plaintiff's pipeline by in part replacing several sections, as well as compensatory damages related to the pipeline dispute (ECF No. 8 ¶¶ 9-15).

Defendants have filed a motion to dismiss the amended complaint. (ECF No. 11.) The parties have completed briefing on the motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Plaintiff has set forth a claim upon which this Court may grant relief. The Court must construe the First Amended Complaint in favor of Plaintiff, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of

2

action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

Defendants first argue that because the July 21, 2011 amended complaint violates the Local Civil Rules, the document "should be stricken from the Court's docket and/or dismissed." (ECF No. 11, at 2.) The amended complaint is titled "Amended Complaint and Motion for Preliminary Injunction." (ECF No. 8.) In its July 22, 2011 Order, the Court noted that "[t]his document cannot serve as a motion for a preliminary injunction. *See* S. D. Ohio Civ. R. 65.1(b) ('Applications for temporary restraining orders or preliminary injunctions shall be made in pleadings separate from the complaint and in accordance with this Rule')." (ECF No. 9.) Thus, Defendants are correct that Plaintiff's July 21, 2011 filing violates the Local Civil Rules, but they are incorrect in pursuing either of the alternative courses of actions they ask this Court to

3

undertake.

The end result of Plaintiff's filing error is that there is no motion for a preliminary injunction before this Court and, consequently, Plaintiff has not and can not obtain a preliminary injunctive relief hearing and decision from the Court. The error does not invalidate the pleading and does not necessitate striking the ineffectual (so far as a preliminary injunction is concerned) filing or the even more drastic action of dismissing the amended complaint. The Court therefore denies that part of Defendants' motion seeking such overreaching relief, to the extent it remains relevant in any way in light of Plaintiff's statement in its memorandum in opposition that it "relinquishes its previous request for a temporary injunction." (ECF No. 14, at 1.) Similarly, the Court also denies Defendants' reply memorandum request that, because Plaintiff has abandoned temporary injunctive relief, the Court strike without leave to re-plead the injunctive relief portions of the pleading. Mooted portions of a pleading need not be stricken.

This leaves for discussion Defendants' second ground for dismissal. Defendants argue that the amended complaint fails to set forth sufficient factual allegations to render what appears to be a claim for negligence plausible and that the pleading fails to plead the requisite elements for injunctive relief. Both arguments fail to persuade.

First, the amended complaint states that Defendants effectuated insufficient and incomplete repair work without performing a metallurgical evaluation of the condition of Plaintiff's pipe, which the pleading presents as having been damaged by the slip. This is enough to create the inferences necessary to present a plausible claim. The additional portion of Defendants' argument that critiques whether Plaintiff has pled sufficient facts to prove specified damages or other relief puts the cart well before the horse and requires too much of a complaint.

Second, assuming that the injunctive relief remains relevant to this litigation, the Court concludes that Defendants have conflated the standard for obtaining injunctive relief with the *Twombly-Iqbal* standard in a manner that not only misconstrues the reach of the new Rule 12(b)(6) decisions, but would also have the effect of essentially obviating notice pleading in cases involving injunctive relief. Neither the United States Supreme Court nor the Sixth Circuit have expressly held that a plaintiff must plead the four injunctive relief factors as Defendants contend, and this Court declines the invitation to extend precedent in such an innovative direction.[1]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss. (ECF No. 11.)

**IT IS SO ORDERED**.

          /s/ Gregory L. Frost
          GREGORY L. FROST
          UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's memorandum in opposition contains a contingent request that if the Court should conclude that dismissal of the amended complaint is warranted, the Court instead first permit Plaintiff to file another amended complaint to remedy and shortcomings. In light of today's disposition of the motion to dismiss (and without deciding here whether Plaintiff's has properly requested leave to amended without filing a motion), the Court notes that Plaintiff's request is moot.