UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BLUE GROUP RESOURCES, INC.,**

    **Plaintiff,**

    **v.**

**CAIMAN ENERGY, LLC, et al.,**

    **Defendants.**

**Case No. 2:11-cv-648**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Mark R. Abel**

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1) a motion for summary judgment (ECF No. 43) filed by Defendants Caiman Energy, LLC, Caiman Eastern Midstream, LLC, and Caiman Ohio Midstream, LLC (collectively "Caiman");

(2) a motion for partial summary judgment (ECF No. 44) and a separate memorandum in support (ECF No. 45) filed by Blue Group; a memorandum in opposition (ECF No. 46) filed by Caiman; a reply memorandum (ECF Nos. 49, 50) filed twice by Blue Group; a sur-reply memorandum filed by Caiman (ECF No. 67);  a supplemental memorandum to the motion for partial summary judgment (ECF No. 64) filed by Blue Group; and a response (ECF No. 65) filed by Caiman; and

(3) a motion for the Court to consider all briefing (ECF No. 68) filed by Blue Group and a memorandum in opposition (ECF No. 69) filed by Caiman.

For the reasons that follow, this Court **DENIES** Blue Group's motion to consider all briefing (ECF No. 68), **DENIES** Blue Group's motion for partial summary judgment (ECF No. 44), and **GRANTS** Caiman's motion for summary judgment (ECF No. 44).

## I. Background

Plaintiff, Blue Group Resources, Inc., has gas transmission lines in Belmont County, Ohio. Defendants, Caiman Energy, LLC, Caiman Eastern Midstream, LLC, and Caiman Ohio Midstream, LLC, are related entities that have installed a gas line that crosses one of Plaintiff's existing gas lines. Blue Group claims that during this installation, a "slip" occurred in which the terrain relevant to the company's gas line moved, affecting Blue Group's pipeline. After the parties were unable to agree on an appropriate repair strategy, Blue Group filed suit in the Belmont County Court of Common Pleas. Subsequent negotiations resulted in an agreement over how to address the most immediate concerns, but disagreement over the slip-related repair work meant that the litigation continued. Caiman removed the litigation to this Court, and after an extended period of discovery, summary judgment briefing, supplemental discovery, and additional summary judgment briefing, the parties' competing summary judgment motions are finally ripe for disposition. (ECF Nos. 43, 44.) Also before the Court is a motion to consider all briefing–essentially a motion for reconsideration–filed by Blue Group that asks this Court to consider previously excluded briefing and attachments. (ECF No. 68.)

## II. Briefing and evidence before the Court

This is a troubled case. As discussed below, the operative complaint in this litigation fails to set forth clearly what, if any, claims Blue Group is actually alleging, the summary judgment briefing is woefully incomplete due to missed deadlines, and even if the Court were to consider all of the briefing, the Court cannot consider much of the summary judgment "evidence" offered by Blue Group due to numerous deficiencies. Before the Court can address the substantive merits of the case and the substantive shortcomings of the pleading, however, this

2

Court must first address the threshold matter of what briefing and other submissions are not properly before the Court for consideration.

The Court begins with the problematic briefing. Previously, on July 11, 2013, this Court filed an Order in which it granted a motion to strike Blue Group's memorandum in opposition to Caiman's motion for summary judgment. The consequent effect of this decision was that the Court would also not consider the evidence attached to the memorandum in opposition and Caiman's reply memorandum to the struck brief. Thereafter, Blue Group filed a motion asking this Court to consider all of the briefing that this Court struck in its Order. (ECF No. 68.) The Court does not find Blue Group's motion well taken.

The history underlying Blue Group's motion reveals a series of litigation missteps. On September 28, 2012, Caiman filed a motion for summary judgment. (ECF No. 43.) The Local Civil Rules provide that "[a]ny memorandum in opposition shall be served within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion." S. D. Ohio Civ. R. 7.2(a)(2). The motion's certificate of service indicates service via the Court's electronic filing system on September 28, 2012. (ECF No. 43, at Page ID # 156.) Caiman's use of the electronic filing system for service qualifies as service under Federal Rule of Civil Procedure 5(b)(2)(E). *See* Fed. R. Civ. P. 5(b)(3) ("If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)."); S. D. Ohio Civ. R. 5.2(b) ("Parties may make service through the Court's CM/ECF system on other parties who are registered users of the system as provided in Fed. R. Civ. P. 5(b)(2)(E)."). Because the service falls under Rule 5(b)(2)(E), Rule 6(d) therefore applies, which means that Blue Group received an additional three days for filing a memorandum in opposition. *See* Fed. R. Civ. P. 6(d)

("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2) . . . (E), . . . 3 days are added after the period would otherwise expire under Rule 6(a)."). The end result of application of the foregoing rules is that Blue Group's memorandum in opposition was due twenty-four days from the September 28, 2012 date of service of Caiman's motion for summary judgment.

October 22, 2012 is twenty-four days from September 28, 2012. Blue Group did not file its memorandum in opposition, however, until October 26, 2012. (ECF No. 47.) An October 29, 2012 notice of correction on the docket indicates that the Clerk deleted the October 26, 2012 filing because an incorrect document had been filed. The actual memorandum in opposition was finally filed on October 29, 2012. (ECF No. 48.) Thus, Blue Group's first attempt at filing its memorandum in opposition was four days late, and its subsequent successful filing of the memorandum in opposition at issue was a week past the filing deadline.

Citing the missed filing deadline, Caiman filed a motion to strike the memorandum in opposition. (ECF No. 51.) Blue Group never responded to the motion to strike. This Court granted the motion in a July 11, 2013 Order (ECF No. 66), striking Blue Group's memorandum in opposition (ECF No. 48) and consequently declining to consider Caiman's reply memorandum (ECF No. 52) because a reply memorandum can only follow a responsive memorandum such as a memorandum in opposition. Blue Group asks the Court to reconsider these actions for three basic reasons.

First, Blue Group indicates that its counsel thought that, because the Court permitted supplemental briefing related to its motion for partial summary judgment, the untimely memorandum in opposition "would simply be deemed filed" and "[u]nder such belief the sins of

4

untimely filing a brief approximately 9 months prior would be cleansed and thus the Memorandum in opposition is proper for the Court's consideration." (ECF No. 68, at Page ID # 762.) There is no basis for such beliefs. Blue Group's request for supplemental briefing was focused on a specific issue, was neither presented to this Court as providing absolution for poor filing practice nor even discussed as such, and was not permitted by this Court as a mechanism through which missing the deadline would be excused. In other words, the claimed subjective belief of a party that has dropped the ball does not suffice to excuse that party's error. Despite Blue Group's purported beliefs, this Court declines to accept the illogical explanation.

Second, Blue Group offers as grounds for reconsideration that this Court affording Blue Group additional discovery and supplemental briefing "dramatically changed the landscape of the Motion for Summary Judgment timeline and Counsel essentially believed nothing previously filed on the summary judgment issue could be deemed filed too late as the date was re-set." (ECF No. 68, at Page ID # 763.) This does not explain or justify the initial late filing. It also fails to explain why permitting supplemental briefing on a distinct issue could or would logically operate with retroactive effect on expired deadlines. Accordingly, the Court declines to accept the "but it is your fault I did this" explanation.

Third, Blue Groups suggests that reconsideration is warranted because the improper filing did not harm Caiman, which filed a response. There is no "no harm no foul" exception built into either the Local Civil Rules, which provided the operative briefing deadline. *See* S. D. Ohio Civ. R. 7.2(a)(2). The failure to file the applicable rules carries consequences absent good cause to excuse the failure, and there has been an insufficient showing of cause here.

The Court therefore **DENIES** Blue Group's motion to consider the struck briefing.

5

(ECF No. 68.)  As a consequence of this decision, the Court will not only disregard Blue Group's memorandum in opposition and Caiman's reply memorandum, but also the deposition transcript of Emerson "Bud" Miller that Blue Group submitted as an attachment to the memorandum in opposition.  (ECF No. 48-1.)  It is worthwhile to note that even if the Court had not struck the predicate memorandum in opposition, however, the Court would still not have considered the Miller deposition transcript.

In an apparent attempt to comply with Federal Rule of Civil Procedure 56 and S. D. Ohio Civ. R. 7.2, the parties have filed deposition transcripts to support their summary judgment filings.  The Miller deposition transcript (ECF No. 48-1) submitted by Blue Group with its stricken memorandum in opposition (ECF No. 48) lacks an accompanying signed court reporter certification, which is an "essential portion[] of [the] transcript[]."  S. D. Ohio Civ. R. 7.2(e). Blue Group also filed this same transcript with the same deficiency as an attachment to the company's reply memorandum related to its own motion for partial summary judgment.  (ECF No. 50-3.)  And Caiman filed the same Miller deposition transcript as an attachment to the company's memorandum in opposition (ECF No. 60-4) to Blue Group's motion for additional discovery (ECF No. 58), and even that copy lacks a signed court reporter certification. Similarly, Blue Group filed another Miller transcript of another deposition as an additional attachment to a reply memorandum, and this other transcript also lacks a signed court reporter certification.  (ECF No. 50-4.)  In other words, one Miller deposition transcript has been filed with this Court three times and another Miller deposition transcript has been filed with this Court once, and none of these filings include a signed court reporter certification.

Due to the certification deficiency, all of these transcripts fail to qualify as proper

6

summary judgment evidence under Federal Rule of Civil Procedure 56.[1]  *See* Fed. R. Civ. P. 30(f)(1); *Soliday v. Miami County, Ohio*, No. C-3-91-153, 1993 WL 1377511, at *5 n.4 (S.D. Ohio Nov. 22, 1993) (stating that "the Court cannot consider" deposition testimony referenced in summary judgment reply memorandum but not filed with court); *Moore v. Florida Bank of Commerce*, 654 F. Supp. 38, 41 n.2 (S.D. Ohio 1986) (unauthenticated deposition is not proper material under Rule 56); *Podlesnick v. Airborne Express, Inc.*, 550 F. Supp. 906, 910 (S.D. Ohio 1982) (depositions not filed with court but referred to in summary judgment memoranda were not considered in court's decision).  *See also Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (discussing unauthenticated deposition extracts).  The Court will therefore not consider the Miller deposition transcripts.  (ECF Nos. 48-1, 50-3, 50-4, 60-4.)

These deposition transcripts are not the only deficient submissions intended to support Blue Group's motion for partial summary judgment.  In its memorandum in support of its motion, in its reply memorandum, and in its supplemental briefing, Blue Group time and again relies upon photographic evidence.  Many of these photographs are imbedded within the briefs themselves, while other photographs are attachments accompanying the briefs.  But as Caiman points out in its responsive briefing, Blue Group has failed to authenticate these specific photographs–as well as its chain of title evidence, a January 30, 2012 email from Shawna Christner, and its expert's unsworn report (which cannot prove the existence of facts)–through an

---

[1]  A deposition transcript of Robert Allen Richards (ECF No. 50-2) filed as an attachment to Blue Group's reply memorandum (ECF No. 50) related to the company's motion for partial summary judgment (ECF No. 44) also fails to contain a signed court reporter certification.  The Court can consider the Richards transcript, however, because two other previously filed copies of the transcript containing court reporter certifications appear elsewhere on the docket.  (ECF Nos. 43-1, 46-1.)

affidavit or deposition testimony. *See* Fed. R. Evid. 901(b)(1); *Ridgel v. United States*, No. SACV 12-0071 JGB (MLGx), 2013 WL 2237884, at *2 (C.D. Cal. May 21, 2013) (excluding unauthenticated expert report). Such authentication is a prerequisite for admissibility. *United States v. McPhearson*, 303 F. App'x 310, 317-18 (6th Cir. 2008) (citing *Hartley v. St. Paul Fire & Marine Ins. Co.*, 118 F. App'x 914, 921 (6th Cir. 2004)). This means that the photographs, chain of title, email, and expert report fail to qualify as summary judgment evidence under Rule 56, which in turn means that the Court will not consider them. *See Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442, 448 (6th Cir. 2008).

### III. Motions for Summary Judgment

#### A. Standard involved

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a

8

verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "  *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

### B.  Analysis

#### 1.  Count I

On July 7, 2011, Blue Group filed an Amended Complaint and Motion for Preliminary Injunction.  (ECF No. 8.)   The pleading contains two counts, the first of which is simply a request for issuance of a preliminary injunction.   (*Id.* at Page ID # 54-55.)  This has been troubling for a number of reasons.  The initial reason was that the document failed to serve as a motion for a preliminary injunction as Blue Group intended because the Local Civil Rules require that "[a]pplications for . . . preliminary injunctions shall be made in pleadings separate from the complaint and in accordance with [the local rule]."  S. D. Ohio Civ. R. 65.1(b).  This Court informed the parties of the document's deficiency in a July 22, 2011 Order that explained how Blue Group had failed to seek injunctive relief.  (ECF No. 9.)  The Court also explained the issue to counsel during the July 27, 2011 telephone status conference.  Blue Group never sought leave to file a second amended complaint and never obtained a preliminary injunction.

The more current reason that the amended complaint is troubling is because it leads to the issue of most relevance today: the parties are arguing over whether summary judgment on Count I is appropriate.  First mischaracterizing Count I as seeking a permanent as opposed to a preliminary injunction, Caiman then devotes a considerable portion of its summary judgment

briefing to arguing that because Blue Group cannot establish irreparable harm, Caiman is entitled to summary judgment on the first count. Any debate on the underlying merits of whether Blue Group can prove irreparable relief and obtain any form of an injunction is pointless at this juncture given that Count I is only properly regarded as a misguided effort to insert a preliminary injunction request into a pleading or a statement of a temporary remedy sought until the merits of any actual claim is resolved. Stated more simply, there is no claim in Count I.

In discussing a similarly deficient pleading in another case, a judicial officer in this District concisely explained:

> [Plaintiff's] Complaint asserts "Injunctive Relief" as a fifth cause of action. An injunction, however, is not a cause of action, but a remedy. *MEMC Electronic Materials v. Balakrishnan*, No. 2:12–cv–344, 2012 WL 3962906, at *5 (S.D. Ohio Sept. 11, 2012) (citing *Hammond v. Citibank, N.A.*, No. 2:10–CV–1071, 2011 WL 4484416, at *11 (S.D. Ohio Sept.27, 2011)). *See also Reyes v. Wilson Mem. Hosp.*, 102 F.Supp.2d 798, 801 n.1 (S.D. Ohio 1998) (noting that claim for injunction "does not constitute a separate legal claim for relief").

*Huntington Nat'l Bank v. Guishard, Wilburn & Shorts, LLC*, No. 2:12-CV-1035, 2012 WL 5902916, at *6 n.1 (S.D. Ohio Nov. 26, 2012). *See also Chesner v. Stewart Title Guar. Co.*, No. 1:06CV476, 2006 WL 2252542, at *10 (N.D. Ohio Aug. 4, 2006). Given that Blue Group has either impermissibly conflated motions practice with pleading or has illogically pled a remedy as a claim for relief, there is actually no claim for relief before this Court in Count I upon which to grant or deny summary judgment. Any aspect of the summary judgment motions on the non-claim set forth in Count I is therefore moot.

### 2. *Count II*

The foregoing discussion points to the fact that there is only one claim before this Court and therefore only one claim at issue in the competing summary judgment motions: Count II.

Despite this simplicity, the analysis does not remain that simple.  Count II reads:

> 11.  Your plaintiff restates and realleges allegations 1-12 as if restated herein.[2]
>
> 12.  Blue Group Resources, Inc. has incurred administrative, equipment, materials, manpower, and other related expenses because of the conduct of Caiman and the damage caused by Caiman.
>
> 13.  Blue Group Resources, Inc. has incurred legal expenses, attorney's fees and costs, expert fees, and other related expenses because of the conduct of Caiman and the damage caused by Caiman.  Blue Group Resources, Inc. has suffered annoyance and inconvenience.
>
> 14.  Blue Group Resources, Inc. is entitled to receive an award of compensation for these damages and hereby requests the same.
>
> 15.  The verification of the complaint is attached hereto and incorporated herein as Exhibit A.

(ECF No. 8 at Page ID # 55.)  This recitation of damages on its face fails to state a claim for relief.  But what might salvage the amended pleading from failing to set forth *any* claim for relief is the incorporated paragraphs that precede paragraph eleven.  Reading the amended complaint most broadly–perhaps too charitably–this Court noted in its Opinion and Order on a prior motion to dismiss that the amended complaint presents "what appears to be a claim for negligence." (ECF No. 21, at Page ID # 100.)

In its briefing, Blue Group indeed seeks partial summary judgment on a claim for negligence.  Surprisingly, the company also seeks partial summary judgment on a claim for conversion; Blue Group apparently thinks that it somehow asserted both state law claims in

---

[2]  The Court indeed recognizes that the language of the eleventh numbered paragraph of the amended pleading technically purports to restate and reallege not only the first ten preceding numbered paragraphs, but also to restate and reallege paragraph eleven *itself* and, in what might be described as an even more novel approach, to *restate* and *reallege* the *subsequent* paragraph twelve.

Count II. Caiman addresses both claims in its memorandum in opposition, noting that Blue Group's

> Memorandum in Support is the first time that it has indicated that it is bringing a claim for conversion. Nowhere in Count II of the Amended Complaint [ECF No. 8] is there any mention of conversion. Nevertheless, Caiman will address the elements of conversion in the event that the Court wishes to entertain this claim.

(ECF No. 46, at Page ID # 288 n.2.) In its own motion for summary judgment, however, Caiman describes Count II only as a "damage to pipeline" claim without specifying what the recognized state claim for relief is or what elements beyond damages would be relevant. Caiman in fact states in that briefing that Blue Group "has not articulated what legal theory it is relying upon to support the allegations for Count II of the Amended Complaint (e.g. negligence, trespass etc.)." ECF No. 43, at Page ID # 153 n.6.

This Court is surprised at the pleading and the summary judgment briefing, and it is not a pleasant surprise. But in order to enable some form of analysis here–there must be some claim at issue in this litigation–the Court will accept that Count II asserts a claim, however dubious that assertion may be.

The morass does not end there. Having concluded that there must be one or more claims before it, this Court is then faced with the parties' dispute over which state's law applies to the claim or claims. Blue Group relies upon Ohio law, and under that state law, "[t]he elements of negligence are: (1) the existence of a duty; (2) breach of the duty; and (3) an injury proximately resulting from the breach." *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465-66 (6th Cir. 2012) (citing *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616 (1989)). Conversion under Ohio law "is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his

right." *Joyce v. Gen. Motors Corp.*, 49 Ohio St. 3d 93, 96, 551 N.E.2d 172, 175 (1990). An Ohio court of appeals has explained that

> [t]o prevail on a conversion claim, a plaintiff must demonstrate: (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of the plaintiff's property right; and (3) damages. *Miller v. Cass*, 3d Dist. No. 3–09–15, 2010–Ohio–1930, ¶ 32; *Dice v. White Family Cos., Inc.*, 173 Ohio App.3d 472, 2007–Ohio–5755, 878 N.E.2d 1105, ¶ 17 (2d Dist.). If the defendant came into possession of the property lawfully, the plaintiff must prove two additional elements to establish conversion: (1) that the plaintiff demanded the return of the property after the defendant exercised dominion or control over the property; and (2) that the defendant refused to deliver the property to the plaintiff. *R & S Distrib., Inc. v. Hartge Smith Nonwovens, LLC*, 1st Dist. No. C–090100, 2010–Ohio3992, ¶ 23.

*Peirce v. Szymanski*, No. L-11-1298, 2005-Ohio-205, 2013 WL 298097, at *4 (Ohio Ct. App. 6th Dist. Jan. 25, 2013). Thus, if Ohio law applies, both of the claims arguably asserted in this litigation require damages, or that Blue Group has sustained some form of injury.

Caiman disagrees that Ohio law applies. In regard to at least Count I, Caiman asserts in its motion for summary judgment that "[t]he law of West Virginia should govern this dispute." ECF No. 43, at Page ID # 150 n.5. This same contention would logically extend to Count II as well. After expressing confusion over what legal theory Blue Group relies upon in Count II, Caiman states that "[r]egardless of the legal theory, however, damages are an essential element." *Id.* at Page ID # 153 n.6. The company repeats its reliance on West Virginia law in its memorandum in opposition to Blue Group's motion for partial summary judgment. *See* ECF No. 46, at Page ID 3 289 n.4. Perhaps it matters little in the ultimate analysis, given that an injury sustained is still an element under West Virginia law. *See, e.g., McNeilly v. Greenbrier Resort*, No. 5:12-4609, 2013 WL 1385481, at *5 (S.D. W.Va. March 1, 2013) (" 'To state a claim for negligence, the plaintiff must allege the existence of a duty, the defendant's breach of that duty,

13

causation, and damages.' " (quoting *HSBC Bank USA, Nat'l Assoc. v. Resh*, No. 3:12-cv-00668, 2013 WL 312871, at *11 (S.D.W.Va. Jan. 25, 2013))).

Caiman argues that it is entitled to summary judgment on Count II on one specific ground: Because Blue Group has admitted that there has been no damage to the pipeline or loss of money, there is no requisite injury. To support this argument, Caiman directs this Court to the four excerpts from the deposition transcript of Rule 30(b)(6) witness Robert Allen Richards. The first excerpt is:

> Q. After the slip occurred did you observe any leaks in this pipe?
>
> A. No.

(ECF No. 43-1, at Page ID # 181 (Richards Tr. at 86).)  The second excerpt is:

> Q. From an operational perspective, what I'm looking for is, where the pipeline sits right now, is it – does it operate, as far as moving gas, just as it had done before?
>
> A. Yes.

(ECF No. 43-1, at Page ID # 181 (Richards Tr. at 88).)  The third excerpt is:

> Q. So as the pipeline sits today, the pipeline itself and not the slip, how is the pipeline damaged?
>
> A. Well, the pipeline –
>
> Q. Wait. In the sense that, are you – have you lost money in some way because of what happened to your pipeline?
>
> A. I haven't yet.

(ECF No. 43-1, at Page ID # 181 (Richards Tr. at 89).)  Finally, the fourth excerpt is:

> Q. And just to clarify, then, to date, there haven't been any incidents, I guess I would say, after the slip occurred, with respect to the inspection of the – have there been any reports that something has gone wrong with the pipeline in that area?

A. No.

(ECF No. 43-1, at Page ID # 196 (Richards Tr. at 146).) These excerpt support the contentions that Blue Group's pipeline has not sustained any damage, that the pipeline has not malfunctioned, and that the pipeline has not cost Blue Group any money since the slip.

There is no response to this argument in briefing on Caiman's motion for summary judgment because, as noted, Blue Group failed to file a memorandum in opposition within the established briefing deadline and then failed to obtain leave of Court to file a belated brief. This is important because, as the Sixth Circuit has explained,

> a district court is not required to search the record to determine whether genuine issues of material fact exist when the non-moving party has failed to point them out. *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) ("The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact."). Instead, when the non-movant has failed to point out a question of fact on an issue, a district court's "reliance on the facts advanced by the movant is proper and sufficient." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (in the context of an unopposed summary judgment motion).

*Wardle v. Lexington-Fayette Urban County Gov't*, 45 F. App'x 505, 509-10 (6th Cir. 2002). *See also Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442, 449 (6th Cir. 2008) ("It is not the district court's . . . duty to search through the record to develop a party's claims; the litigant must direct the court to evidence in support of its arguments before the court."); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989) ("A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.").

In light of the foregoing appellate precedent, the Court can limit its review to the factual

evidence set forth by Caiman. *See Saunders v. Whitehall Police Dep't*, No. 2:11-cv-00517, 2013 WL 146369, at *2 (S.D. Ohio Jan. 14, 2013) ("When a motion for summary judgment is unopposed, the Court may properly limit its review to the facts relied on by defendant. It has no duty to search the record."). To do otherwise and mitigate Blue Group's failure to cite to specific evidence would "leave[] this Court groping 'unaided for factual needles in a documentary haystack' " and would " 'unfairly shift[] the burdens of litigation to the court.' " *Grant v. El Conquistador Partnership L.P.*, No. 06–1849(SEC), 2009 WL 1140261, at *2 (D.Puerto Rico Apr.27, 2009) (quoting *Sanchez–Figueroa v. Banco Popular de Puerto Rico*, 527 F.3d 209, 213 (1st Cir. 2008)).

The end result of recognizing this limited evidence is that there is no genuine issue of material fact over whether Blue Group has sustained an injury. Based on this evidence, a reasonable jury could reach only one conclusion, that being that Blue Group has not sustained any injury, which means that Blue Group cannot establish a claim for either negligence or conversion. This in turn entitles Caiman to summary judgment. *See Bickley v. Norfolk & Western Ry. Co.*, 187 F.3d 634, 1999 WL 427026, at *4 (6th Cir. 1999) (unpublished table decision) ("To survive a motion for summary judgment, it is incumbent upon the nonmovant to point to specific evidence sufficient to show that a reasonable jury could find for the nonmovant.").

Three additional points are necessary. First, the foregoing analysis turns on the briefing related to Defendants' motion for summary judgment and the evidence submitted in connection with that briefing. *This briefing and evidence does not encompass Blue Group's separate summary judgment motion briefing and evidence.* That is an important point, because Blue

16

Group cannot simply obtain incorporation of its arguments and evidence made in filings related only to its own motion; Blue Group should have timely filed its memorandum in opposition if it also intended to offer the arguments and evidence it presented *for* its motion for partial summary judgment *against* Caiman's motion for summary judgment.

Second, although the Court's disposition of Caiman's motion for summary judgment resolves this litigation, this Court notes that Blue Group's motion for partial summary judgment is independently not well taken. The excluded evidence guts Blue Group's proffered rationale for partial summary judgment on the sole issue of liability, and even if the Court were to consider this evidence, there is still the issue of a lack of damages proximately caused by Caiman under whatever tort theory Blue Group may or may not have alleged.

Third, the supplemental briefing does not speak to damages but only to Blue Group's theory of what Caiman did wrong, or in other words, whether Caiman properly addressed the slip via adequate mitigation steps. It neither entitles Blue Group to partial summary judgment nor, if somehow regarded as informing the unrelated motion for summary judgment of Caiman, does the supplemental briefing introduce an issue of fact regarding damages.

The Court therefore **DENIES** Blue Group's motion for partial summary judgment (ECF No. 44) and **GRANTS** Caiman's motion for summary judgment (ECF No. 43).

### IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Blue Group's motion to consider all briefing (ECF No. 68), **DENIES** Blue Group's motion for partial summary judgment (ECF No. 44), and **GRANTS** Caiman's motion for summary judgment (ECF No. 43). The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States

District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

     /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE